# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### AIKEN DIVISION

| | |
|---|---|
| Johnny Creech, as Personal Representative of the Estate of Wendy Creech, | CIVIL ACTION NO.: 18xx-9999 1:18-cv-02392-MGL |
| Plaintiff, | |
| v. | **COMPLAINT** |
| United States of America, SC Healthcare Investments, LLC d/b/a Southern Palmetto Hospital, and Pamela Grim, MD | |
| Defendants. | |

The Plaintiff, JOHNNY CREECH, individually and on behalf of the estate of WENDY CREECH, by and through their undersigned counsel, hereby bring suit against the Defendants LOWCOUNTRY HEALTH CARE SYSTEMS, INC., SC HEALTHCARE INVESTEMENTS, LLC D/B/A SOUTHERN PALMETTO HOSPTIAL AND PAMELA GRIM, MD, and set forth as grounds to the Complaint the following:

## THE PARTIES

1. That the Plaintiff, is a U.S. Citizen and resides in Barnwell County, South Carolina, and brings this action as the Personal Representative of the Estate of Wendy Creech, pursuant to the Survival Action Act of South Carolina, SC Code Ann. §*15-5-90 et seq* and the South Carolina Code Ann. §15-51-10, the Wrongful Death Act, and other applicable statutory and/or common law.

2. United States of America ("United States") is the Defendant per 28 U.S.C. § 1346(b), 28 U.S.C. § 2671, et. seq., and 38 U.S.C. § 7316 as it delivers medical services through

the Department of Health and Human Services and its employees at Low Country Health Systems, Inc. (the "Clinic") in the Town of Fairfax, South Carolina.

3. United States is the proper Party-Defendant in this action pursuant to the Federal Tort Claims Act ("FTCA") for a claim seeking money damages for personal injury caused by the negligent or wrongful acts and omissions of one or more federal government employees while acting within the scope of their federal employment. 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, et. seq. (collectively, the "FTCA").

4. That upon information and belief, Defendant SC Healthcare Investments, LLC d/b/a Southern Palmetto Hospital ("Palmetto") is an entity organized under the laws of Delaware with its principal place of business in the County of Barnwell.

5. That upon information and belief, Defendant Pamela Grim, MD ("Grim") is upon information and belief a resident of El Paso County, Texas and was an employee of the Defendant SC Healthcare Investments, LLC.

## JURISDICTION AND VENUE

6. This action is brought against United States pursuant to the FTCA for the acts and omissions by its agents and/or employees arising out of medical services delivered to the Plaintiff who was a patient at the Clinic. This Court has jurisdiction over the matter pursuant to the FTCA.

7. The employees of the Clinic are employees of the government or were acting on behalf of a federal agency in an official capacity, temporarily or permanently, with or without compensation as specified in 28 U.S.C. §§ 1346 (b)(1), FTCA, and 38 U.S.C. §7365, and as such were acting within the scope of his employment.

8. At the times of the medical treatment described herein, Plaintiff was a resident of Barnwell County, South Carolina.

9.  Plaintiff timely submitted Claims for Damages (commonly referred to as a Standard Form 95) to the Department of Health and Human Services on December 28, 2017 (Exhibit A).

10. On April 30, 2018, Department of Health and Human Services denied Plaintiff's claim. (Exhibit B).

11. Plaintiff has exhausted the administrative remedies as required under the FTCA, thereby authorizing Plaintiff to file this action, 28 U.S.C. §2675.

12. Venue is proper in this Court under 28 U.S.C. §1346(b)(1) and 28 U.S.C. §1402 because the acts and/or omissions complained of herein occurred in whole or in part in Barnwell County, South Carolina, which is within the Aiken Division of the United States District Court for the District of South Carolina.

13. Liability is additionally determined in accordance with the state laws in the place of occurrence (*i.e.*, the State of South Carolina), federal laws and regulations, patient's bill of rights, and other, where these acts and/or omissions occurred.  28 U.S.C. §1346; *Richards v. U.S.*, 369 U.S. 1. 11-13 (1962).

14. Defendant Grim is a current resident of the State of Texas, but at the time of the allegations complained of herein, Defendant Grim was a resident of the State of South Carolina; that all allegations made herein concerning Defendant Grim occurred within the State of South Carolina and therefore Defendant Grim is subject to suit within the State of South Carolina; furthermore, jurisdiction exists pursuant to 28 U.S.C. §1332.

15. Defendant Palmetto is a Delaware corporation that own and operates the Southern Palmetto Hospital in Barnwell County; that Defendant Palmetto maintains more than minimum contacts with the State of South Carolina and is accordingly subject to suit in South Carolina. Furthermore, jurisdiction is conferred pursuant to 28 U.S.C. §1332.

## GENERAL AND FACTUAL ALLEGATIONS

16    Plaintiff hereby re-alleges and reaffirms the above paragraphs as if fully set forth herein.

17.    Plaintiff has complied with all conditions precedent under the FTCA including, without limitation, compliance with all pre-suit notice of claim requirements.

18.    That on December 12, 2015, Mrs. Creech presented to Defendant Lowcountry Healthcare Systems, Inc., with complaints of back pain. Mrs. Creech was informed to follow-up in six weeks.

19.    That on December 30, 2015, Mrs. Creech presented to Defendant Palmetto with complaints of abdominal pain and a fever.

20.    That on December 30, 2015, a CT scan showed a low density mass in the liver.

21.    That on January 2, 2016, Defendant Dr. Grim discharged Mrs. Creech without referring her to a specialist for her liver abscess.

22.    That on March 31, 2016, Mrs. Creech was seen at Defendant Lowcountry Health Care Systems, Inc., with complaints of right lower back pain and described the pain as throbbing and stabbing pain. Mrs. Creech was diagnosed with a Urinary Tract Infection and was told to follow-up in two weeks.

23.    That on April 5, 2016, Mrs. Creech passed away. Mrs. Creech's cause of death was Intrahepatic Abscess.

## NEGLIGENCE CLAIM

24.    Plaintiff hereby re-alleges and affirms the above paragraphs as if fully set forth herein.

25.     The Clinic, Palmetto and Grim, owed Plaintiff a duty to provide that standard of care, skill, and treatment which in light of all relevant surrounding circumstances is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

26.     The Defendants, breached this duty and deviated from the applicable standard of care by rendering care and treatment that was below the standard of care including, without limitation, failing to appropriately evaluate the deceased Plaintiff for severe back pain, nausea and vomiting, failing to provide appropriate care, failing to provide proper and adequate medical attention, failing to send the deceased Plaintiff for further testing, failing to perform appropriate diagnostic tests in a timely manner, failing to exercise reasonable care for the well-being of the deceased Plaintiff under the circumstances, failing to provide health care to the deceased Plaintiff that met the minimum standard of care in the relevant medical community, failing to follow generally accepted medical and diagnostic standards, practices, and procedures, failing to obtain and read the deceased Plaintiff's medical records; failing to properly assess the deceased Plaintiff's injuries and health conditions; failing to sooner recognize that the deceased Plaintiff was in need of emergent medical treatment, failing to exercise that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances, and in failing such particulars as may be discovered in the course of this litigation.

27.     As a direct and proximate result of the aforesaid breaches of the standard of care, the deceased Plaintiff's beneficiaries have suffered grief, sorrow, mental anguish and all of the damages which accompany the loss of a loved one; the beneficiaries have suffered pecuniary loss, all to the Plaintiff's actual punitive damages.

28.     As a direct and proximate result of the aforesaid breaches of the standard of care, the deceased Plaintiff suffered grave and severe injuries prior to her death; she was hospitalized; she incurred medical expenses; she suffered conscious pain and suffering and mental anguish

prior to her death; she suffered a loss of her dignity and individuality; she suffered a diminished quality of life prior to her death; her estate has incurred funeral expenses.

WHEREFORE, Plaintiff demands judgment against the Defendant for such amount of actual and consequential damages as the Court may find, plus costs and disbursements of this action, and any other such relief this Court deems just and proper.

## **CERTIFICATE OF COUNSEL**

Undersigned counsel certifies that a reasonable investigation gave rise to a good faith belief that grounds exist for an action against the Defendant named herein.

                              PETERS, MURDAUGH, PARKER, ELTZROTH
                                        & DETRICK, P.A.

BY: __s/Lee D. Cope_____
                               Lee D. Cope, Esquire
                               Fed ID # 7026
                               Mark Ball
                               Fed ID # 05122
                               Post Office Box 457
                               Hampton, South Carolina 29924
                               (803) 943-2111

                               ATTORNEYS FOR THE PLAINTIFF

August 29, 2018.